## Morris v. Loranger

*J. Harold Hughes* and *Kenelm L. Shirk,* for additional defendant.

*Hannum, Hunter, Hannum & Hodge,* for defendant.

MACDADE, J., November 29, 1940.—This is an action in trespass arising from an automobile accident happening in Lancaster County, Pa. By order of this court on July 24, 1940, R. C. Zander was joined as additional defendant, although he is a resident of Lancaster County.

The præcipe in this matter was filed June 20, 1939; the summons was served July 1, 1939, and an appearance of defendant entered July 14, 1939.

A statement of claim was not filed and served upon defendant until June 5, 1940, two month after the new Supreme Court rules governing the joinder of additional parties became effective.

After service of the statement of claim and filing of an affidavit of defense, defendant filed a petition averring

a trespass in Lancaster County and praying that R. C. Zander, of Lancaster County, be joined as an additional defendant.

The court made the following order: "And now, July 24, 1940, the petition of Herbert E. Loranger, defendant above named, to join R. C. Zander as an additional de- fendant in the above-entitled case, is granted and R. C. Zander is hereby joined as an additional defendant.

"Now, therefore, we command you the sheriff of the County of Delaware, to direct R. C. Zander of Sadbury Township, Lancaster County, Pa. (R. D. No. 1, Gap, Pa.), to file an answer in the office of the Prothonotary of the Court of Common Pleas of Delaware County, Pa., in the above matter within twenty days after service upon him of a copy of this petition and order, and of copies of all pleadings heretofore filed therein if service was made within your county, or within thirty days of service if service was made within any other county of this Commonwealth."

The additional defendant complied with the order, entered a general appearance, and filed an affidavit of defense to the merits. Plaintiff filed a supplemental statement of claim on September 19, 1940, after which the additional defendant obtained a rule to show cause why the above-quoted order should not be vacated, which rule we shall treat for the purpose of this case as one to quash in accordance with our Supreme Court rule regulating such procedure.

### Question involved

Was the court authorized to join a Lancaster County resident as an additional defendant in a cause of action where the subject matter was a trespass happening in Lancaster County?

This question is as the additional defendant presents it, although more questions are involved, in our judgment: For instance, the question of service, which the pleadings indicate to be most important and strikes at the funda-

mentals of the "Question Involved," as stated by the additional defendant. How can the question of service be involved when the latter entered an appearance "generally" and filed an affidavit of defense to the merits; yet, as a matter of law, it has been established that the order could have been properly served on the additional defendant in the county where he resided, even though the accident did not occur there.

The whole purpose of the additional defendant procedure has been to try all aspects of the action at the same time, to avoid the multiplicity of suits, and to give all parties in interest their day in court together.

Under the Scire Facias Act of April 10, 1929, P. L. 479, the same question of serving an additional defendant in another county where the accident did not occur was raised, and the act was amended by the Act of May 18, 1933, P. L. 807, to provide that the service of the writ on the added defendant could be made by the sheriff of the county in which the action was instituted by deputizing the sheriff of the county wherein such added defendant resided, which was exactly what was done in this case. The court is not going to interpret the new rules to make the additional defendant proceedings more cumbersome and less conclusive than under the Scire Facias Act, when the purpose of the new rule is to further simplify and expedite the disposition of matters involving numerous parties with divergent interests.

Under the new procedural rules the steps taken by the defendant are in accordance therewith, and even if they were not the additional defendant, by entry of his appearance and the making of a plea to the merits, has waived all defects.

The additional defendant raises the question that the new procedural rules do not apply, since the suit was started prior to the effective date thereof. If a technical interpretation is applied, this might be true, but what would then happen? The defendant would immediately

proceed under the now suspended acts of assembly, issue a writ of scire facias to join the same additional defendant, have it served upon him by the Sheriff of Lancaster County under the amendment of 1933, supra, and he would be back in the case exactly where he now stands, having lost nothing, and having gained nothing. For the court to take this technical view would simply mean the wasteful expenditure of money and of the time of persons, to accomplish what we now have.

Defendant contends that the court should interpret the new rules, which were effective September 4, 1939, as governing this case, in view of the fact that the statement of claim was not filed until 10 months after the effective date of the rules, and until that time the right to join an additional defendant did not enure to the defendant, and therefore there was no action which involved the rights of the defendant in relation to an additional defendant or vice versa until that time.

A liberal view should be taken in this case, particularly since the additional defendant did not raise the question at the time the petition and order and copy of all the papers were served upon him, but instead entered a general appearance and pleaded to the merits. Certainly, this court is not going to require vain things to be done when the same purpose will be accomplished, and the parties will then be in exactly the same position as they now are.

Additional defendant comments in his brief on defendant's petition pleaded in the alternative. While this matter is naturally not properly raised on this petition to vacate the order, nevertheless, the court is familiar with the fact that there are county court decisions approving the alternative pleading; and we also recall that under the old scire facias proceedings our appellate courts held that a defendant could plead in the alternative.

Additional defendant incidentally also raises the question that the additional defendant's citizenship and place

of residence was not set forth in the petition. An examination of the court records will disclose that the order which accompanied the petition specifically sets forth the additional defendant's residence as Sadbury Township, Lancaster County, Pa. (R. D. No. 1, Gap, Pa.).

It, therefore, follows: First, that, since the additional defendant entered an appearance by filing a pleading to the merits, he has waived all questions of service, and is properly in court; second, that the new procedural rules should govern this case, since the rights and duties as between defendant and additional defendant would not enure until 10 months after the effective date of the rule, and therefore it was not pending on the effective day of the rules; and third, that to grant additional defendant's petition would only necessitate expensive additional litigation which would bring the parties exactly in the same positions they are now, and no benefit would be derived by anyone.